DENNIS L. KENNEDY
Nevada Bar No. 1462
JOSHUA P. GILMORE
Nevada Bar No. 11576
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone:  702.562.8820
Facsimile:  702.562.8821
DKennedy@BaileyKennedy.com
JGilmore@BaileyKennedy.com

*Attorneys for Plaintiff*
SKY LAW GROUP

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SKY LAW GROUP, a California Professional Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL PADDA LAW, PLLC, a Nevada Professional Limited Liability Company; and DARSHPAUL S. PADDA, ESQ., an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW Sky Law Group ("Sky Law") and complains against Paul Padda Law, PLLC ("Padda Law"), and Darshpaul S. Padda, Esq. ("Mr. Padda") as follows:

### JURISDICTION AND VENUE

1. The Court has original jurisdiction over these counterclaims pursuant to 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States (California and Nevada).

2. The Court has personal jurisdiction over Defendants, and each of them, because they are citizens of the State of Nevada and the acts complained of herein were committed by Defendants within the State of Nevada, such that Defendants have had sufficient minimum contacts with this forum to permit the exercise of personal jurisdiction over them without offending the traditional notions of fair play and substantial justice.

3. Venue is proper in this District and Division pursuant to 28 U.S.C. Section 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in Nevada.

**THE PARTIES**

4. Sky Law is a professional corporation organized and existing under the laws of the State of California, with its principal place of business located in Orange County, California.

5. Sky Law is informed and believes, and thereon alleges, that Padda Law is a professional limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business located in Clark County, Nevada.

6. Sky Law is informed and believes, and thereon alleges, that Mr. Padda is a resident and citizen of Clark County, Nevada.

**GENERAL ALLEGATIONS**

7. This is an action against an attorney who refuses to pay an agreed-upon referral fee pursuant to a standard fee-splitting agreement signed by the client and, instead, seeks to retain – for himself – the attorneys' fees arising out of the matter.

8. Sky Law is a premier law firm based in Orange County, California that primarily represents clients involved in personal injury or wrongful death.

9. On March 24, 2018, Patricia Escalera-Diaz (the "Client"), a California resident, was injured while traveling on a shuttle bus owned or operated by Holiday Inn Club Vacations at Desert Club Resort (the "Incident").

10. On March 26, 2018, the Client retained Sky Law to represent her in relation to pursuing claims arising out of the Incident (the "Matter").

11. Because an action on behalf of the Client had to be filed in Nevada, Sky Law referred the Matter to Padda Law for handling.

12. Mr. Padda is licensed to practice law in Nevada and California.

13. The Nevada and California Rules of Professional Conduct each permit lawyers who are not in the same law firm to share attorneys' fees arising out of a matter, so long as total fee is reasonable and the division of the fee is disclosed to and approved, in writing, by the client. Unlike Model Rule of Professional Conduct 1.5, neither Nevada Rule of Professional Conduct 1.5 nor

California Rule of Professional Conduct 1.5.1 requires the division of fees to be "in proportion to the services performed by each lawyer" or for each lawyer to "assume[] joint responsibility for the representation."

14. In March 2020, the Client, Sky Law, and Padda Law entered into that certain "Consent to Fee Split," whereby everyone agreed that attorneys' fees arising out of the Matter would be split between Sky Law and Padda Law as follows: Sky Law– 45%; Padda Law – 55% (the "Fee Split Agreement").

15. On March 19, 2020, Mr. Padda initiated a lawsuit on behalf of the Client against Holiday Inn Club Vacations, Inc. and other related entities and affiliates in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-20-812610-C (the "Lawsuit").

16. On September 1, 2022, a Notice of Settlement for an undisclosed amount was filed in the Lawsuit.

17. Sky Law is informed and believes, and thereon alleges, that the Client's retainer agreement with Padda Law indicates that the Client shall pay a contingency fee equal to forty percent (40%) of the gross amount recovered by the Client with respect to the Matter.

18. Despite requests for periodic updates related to the Matter, Mr. Padda did not timely notify Sky Law of the fact or amount of the settlement.

19. On May 3, 2023, Mr. Padda called Kiran K. Bisla, Esq. ("Ms. Bisla"), a member of Sky Law, and informed her, for the first time, that the Matter had settled for a considerable amount.[1] Mr. Padda did not mention that the settlement had occurred eight months prior. Mr. Padda indicated that it would take time to disburse the funds pending reductions from various lienholders due to the amount of medical expenses that had been incurred by the Client in relation to the Incident.

20. After several follow ups, on September 6, 2023, Mr. Padda informed Ms. Bisla that he was delayed in sending payment to Sky Law because he was trying to purchase a multi-million-dollar property and had to cover significant monthly marketing expenses for his law firm. Mr. Padda

---

[1] The amount is omitted in order to protect the privacy interests of non-parties to this proceeding.

1 indicated that he would send an initial payment to Sky Law, with additional payment to be sent in
2 the near future.

3     21.     Sky Law is informed and believes, and thereon alleges, that Mr. Padda disbursed *all*
4 the attorneys' fees arising out of the Matter to himself or his law firm despite knowing that Sky Law
5 had a valid interest in a portion of those fees.

6     22.     Following their discussion, Mr. Padda sent a check to Sky Law purporting to
7 represent a portion of its share of the attorneys' fees.  The check was drawn from the General
8 Operating Account for Padda Law—indicia that Mr. Padda had not held in trust the portion of the
9 attorneys' fees owed to, and claimed by, Sky Law despite his ethical obligation to do so.

10     23.     A dispute subsequently arose between Sky Law and Padda Law as to the amount of
11 attorneys' fees to be paid to Sky Law arising out of the settlement.  As a result, Mr. Padda put a stop
12 payment on the check.

13     24.     Skeptical of what transpired, on September 8, 2023, Ms. Bisla's assistant contacted
14 the adverse party's insurer to inquire about the settlement amount and, on September 11, 2023, she
15 learned that the Matter had settled for more than what had been represented by Mr. Padda.

16     25.     Mr. Padda has since refused to pay any attorneys' fees to Sky Law as required under
17 the Fee Split Agreement.

18     26.     Despite request, Mr. Padda has declined to send a copy of the Client's signed
19 Disbursement Sheet associated with the settlement to Sky Law.

20 **FIRST CAUSE OF ACTION**
21 ***(Breach of Contract – Sky Law Against Padda Law)***

22     27.     Sky Law realleges and incorporates by reference the allegations contained in the
23 above Paragraphs 1-26, inclusive, as though fully set forth herein.

24     28.     Sky Law and Padda Law, along with the Client, entered into a binding and
25 enforceable contract: The Fee Split Agreement.

26     29.     Sky Law performed all obligations required of it under the Fee Split Agreement, save
27 and except those that it was excused from performing (if any).

28

30. Padda Law materially breached the Fee Split Agreement by failing and refusing to pay 45% of the attorneys' fees arising out of the Matter to Sky Law.

31. As a direct and proximate result of Padda Law's breach of the Fee Split Agreement, Sky Law has suffered damages in excess of $75,000, according to proof.

32. Sky Law was forced to retain the services of legal counsel to prosecute this claim, and therefore, it is entitled to its reasonable attorneys' fees and costs as may be permitted by law.

## SECOND CAUSE OF ACTION

*(Unjust Enrichment – Sky Law Against Padda Law)*

33. Sky Law realleges and incorporates by reference the allegations contained in the above Paragraphs 1-32, inclusive, as though fully set forth herein.

34. Assuming (*arguendo*) the Court finds that the Fee Split Agreement is unenforceable, Sky Law brings this claim in the alternative.

35. Sky Law conferred a benefit upon Padda Law by referring a valuable personal injury case to Padda Law for handling.

36. Padda Law appreciated the referral by agreeing to represent the Client in the Matter.

37. Padda Law accepted and retained a benefit arising out of the referral by earning significant attorneys' fees upon settling the Matter.

38. Under the circumstances, it would be inequitable and unjust for Padda Law to retain the attorneys' fees without paying a referral fee to Sky Law.

39. As a direct and proximate result of Padda Law's unjust enrichment, Sky Law has suffered damages in excess of $75,000, according to proof.

40. Sky Law was forced to retain the services of legal counsel to prosecute this claim, and therefore, it is entitled to its reasonable attorneys' fees and costs as may be permitted by law.

## THIRD CAUSE OF ACTION

*(Conversion – Sky Law Against Mr. Padda and Padda Law)*

41. Sky Law realleges and incorporates by reference the allegations contained in the above Paragraphs 1-40, inclusive, as though fully set forth herein.

42. Mr. Padda committed a distinct act of dominion over Sky Law's property by failing and refusing to remit to Sky Law that portion of the attorneys' fees owed to Sky Law pursuant to the Fee Split Agreement and/or as required by law to be paid to Sky Law out of the settlement.

43. Mr. Padda's failure and refusal to pay Sky Law was in denial of, inconsistent with, in derogation of, or in defiance of Sky Law's rights in a portion of the attorneys' fees arising out of the settlement.

44. Mr. Padda interfered with Sky Law's rights by disbursing all the attorneys' fees arising out of the settlement to either himself or his law firm.

45. Padda Law is responsible for the wrongful act of conversion committed by Mr. Padda as his employer under the doctrine of respondeat superior/vicarious liability.

46. As a direct and proximate result of Mr. Padda's wrongful act of conversion, Sky Law has suffered damages in excess of $75,000, according to proof.

47. The acts and omissions of Mr. Padda were characterized by fraud, deceit, oppression or malice, expressed or implied, which justifies an award of punitive damages in order to deter him and others similarly situated from engaging in like conduct in the future.

48. Sky Law was forced to retain the services of legal counsel to prosecute this claim, and therefore, it is entitled to its reasonable attorneys' fees and costs as may be permitted by law.

**FOURTH CAUSE OF ACTION**

***(Deceptive Trade Practices – Sky Law Against Mr. Padda)***

49. Sky Law realleges and incorporates by reference the allegations contained in the above Paragraphs 1-48, inclusive, as though fully set forth herein.

50. After settling the Matter, Mr. Padda engaged in a deceptive trade practice in the course of his business in violation of NRS 598.0915(15) by knowingly making a false representation to Sky Law; namely, knowingly misrepresenting the amount of the settlement.

51. After settling the Matter, Mr. Padda engaged in one or more deceptive trade practices in the course of his business in violation of NRS 598.0923(3) by knowingly violating regulations governing the sale of legal services; namely: (i) violating Nevada RPC 1.4(a)(4) and California RPC 1.15(d)(1) by failing to comply with reasonable requests for information from Sky Law relating to

the settlement; (ii) violating Nevada RPC 1.15(d) and California RPC 1.15(d)(4) by failing and refusing to render a full accounting of the settlement to Sky Law; (ii) violating Nevada RPC 1.15(e) and California RPC 1.15(c)(2) by failing to hold in trust that portion of the attorneys' fees claimed by, and owed to, Sky Law; and (iv) violating Nevada RPC 4.1(a) and California RPC 4.1(a) by knowingly making a false statement of fact to Sky Law related to the amount of the settlement.

52. Mr. Padda had a statutory duty to refrain from committing deceptive trade practices in the course of his business.

53. Sky Law is entitled to pursue this claim for relief as a victim of consumer fraud under NRS 41.600(2)(e).

54. Padda Law is responsible for Mr. Padda's deceptive trade practices as his employer under the doctrine of respondeat superior/vicarious liability.

55. As a direct and proximate result of Mr. Padda's deceptive trade practices, Sky Law has suffered damages in excess of $75,000, according to proof.

56. Sky Law is entitled to treble damages on all damages suffered by reason of the deceptive trade practices pursuant to NRS 598.0999(3).

57. The acts and omissions of Mr. Padda were characterized by fraud, deceit, oppression or malice, express or implied, which justifies an award of punitive damages in order to deter him and others similarly situated from engaging in like conduct in the future.

58. Sky Law was forced to retain the services of legal counsel to prosecute this claim, and therefore, it is entitled to its reasonable attorneys' fees and costs as may be permitted by law, including NRS 41.600(3)(c).

WHEREFORE, Sky Law prays for relief as follows:

1. Judgment in its favor against Defendants, and each of them, on each and every cause of action set forth above for an amount in excess of $75,000, according to proof;

2. For an award of special, exemplary, and punitive damages against Defendants – jointly and severally – as may be permitted by law in an amount to be proven at trial;

3. For an award of treble damages in an amount to be determined after trial;

4. For an award of pre- and post-judgment interest at the highest rate allowed by law;

5. For an award of reasonable attorneys' fees and costs as may be permitted by law;

6. For a full accounting of the settlement associated with the Matter as permitted by Nevada RPC 1.15(d), California RPC 1.15(d)(4), and NRS 41.600(3)(b); and

7. For such other and further relief as the Court deems just and proper.

DATED this 2nd day of November, 2023.

BAILEY❖KENNEDY

By: */s/ Dennis L. Kennedy*
DENNIS L. KENNEDY
JOSHUA P. GILMORE

*Attorneys for Plaintiff*
Sky Law Group

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Sky Law Group demands a trial by jury of the above-captioned action on all the issues so triable.

DATED this 2nd day of November, 2023.

BAILEY❖KENNEDY

By: */s/ Dennis L. Kennedy*
DENNIS L. KENNEDY
JOSHUA P. GILMORE

*Attorneys for Plaintiff*
Sky Law Group