UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Sky Law Group,<br><br>                    Plaintiff<br><br> v.<br><br>Paul Padda Law, and Darshpaul S. Padda,<br><br>                    Defendants | Case No. 2:23-cv-01793-CDS-MDC<br><br>**Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Denying Defendants' Second Motion to Dismiss**<br><br>[ECF Nos. 12, 40] |

Plaintiff Sky Law Group filed this action against defendants Paul Padda Law and Darshpaul S. Padda (collectively, Padda Law) for knowingly failing to pay a referral fee after settling a client's personal injury claim. Sky Law asserts causes of action for: (1) breach of contract; (2) unjust enrichment; (3) conversion; and (4) violations of the National Deceptive Trade Practices Act (NDTPA). Compl., ECF No. 1. Padda moves to dismiss Sky Law's breach of contract claim without prejudice and its NDTPA claim with prejudice. ECF No. 12. The motion is fully briefed. ECF Nos. 21, 24. Over six months later, Padda Law filed a second Rule 12(b)(6) motion to dismiss the conversion claim. ECF No. 40. For the reasons herein, I deny Padda Law's motion to dismiss the breach of contract claim and grant the motion to dismiss the NDTPA claim. I also deny Padda Law's second motion to dismiss as it is procedurally improper.

I.  **Background**

In March 2018, Sky Law was retained by Patricia Escalera-Diaz, a California resident, to represent her in a personal injury claim. Compl., ECF No. 1 at ¶¶ 9–10. Sky Law is based in Orange County, California. *Id.* at ¶ 8. Because the action had to be filed in Nevada, Sky Law referred the matter to Padda Law. *Id.* at ¶ 11. The client, Sky Law, and Padda Law entered into a fee split agreement. *Id.* at ¶ 14. It was agreed that attorneys' fees arising out of the matter would be split between Sky Law and Padda Law as follows: Sky Law—45%; Padda Law—55%. *Id.*

In March 2020, Padda Law initiated the lawsuit in the Eighth Judicial District Court, Clark County, Nevada.[1] *Id.* at ¶ 15. A notice of settlement was filed in that lawsuit in September 2022. *Id.* at ¶ 16. Despite requests for periodic updates related to the matter, Padda Law did not timely notify Sky Law of the fact or amount of the settlement. *Id.* at ¶ 18. The client's retainer agreement with Padda Law includes a contingency fee equal to 40% of the gross amount recovered by the client. *Id.* at ¶ 17.

In May 2023, Padda called Kiran K. Bisla, Esq., a member of Sky Law, and informed her, for the first time, that the client's matter had settled for a considerable amount.[2] *Id.* at ¶ 19. Padda did not mention that the settlement had occurred eight months prior. *Id.* Padda indicated that it would take time to disburse the funds pending reductions from various lienholders. *Id.* In September 2023, after several follow ups, Padda informed Bisla that he was delayed in sending payment to Sky Law because he was trying to purchase a multi-million-dollar property and had to cover significant monthly marketing expenses for his law firm. *Id.* at ¶ 20. Padda indicated that he would send an initial payment to Sky Law, with an additional payment soon after. *Id.* Following their discussion, Padda sent a check to Sky Law purporting to represent a portion of its' share of the attorneys' fees (which Bisla's assistant later learned was inaccurate). *Id.* at ¶¶ 22, 24. A dispute arose between Sky Law and Padda Law as to the amount of attorneys' fees to be paid to Sky Law arising out of the settlement. *Id.* at 23. As a result, Padda put a stop payment on the check and has since refused to pay any attorneys' fees to Sky Law. *Id.* at ¶¶ 23, 25.

In November 2023, Sky Law filed its complaint against Padda Law. *See generally id.*

**II.     Legal standard**

The Federal Rules of Civil Procedure requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which

---

[1] Case No. A-20-812610-C.
[2] Sky Law omitted the amount to protect the privacy interests of non-parties to this proceeding. The actual settlement amount was far greater than the amount that had been represented by Padda. *See* Compl., ECF No. 1 at ¶ 24.

relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

III. Analysis

   A. Breach of contract[3]

Sky Law's first cause of action is for breach of contract against Padda Law. Compl., ECF No. 1 at ¶¶ 27–32. Padda Law argues Sky Law's breach of contract claim should be dismissed because Sky Law failed to allege "when an offer was made, when [the offer] was accepted, and

---

[3] Padda Law's reply raises a new argument that Sky Law's breach of contract claim sounds in fraud and is thus subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). ECF No. 24 at 3. Padda is reminded that "[the] district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

3

most importantly, what consideration, if any, supports the purported contract." ECF No. 12 at 2. Padda Law argues that "without these details, Sky Law has failed to meet its basic obligation to properly allege a contract claim cognizable under Nevada law" and thus the breach of contract claim should be dismissed. *Id.* at 3; *see, e.g., Ln Mgmt. Llc v. S. Terrace Homeowners Ass'n*, 2020 Nev. Dist. LEXIS 451, at *3–4 (D. Nev. July 6, 2020) ("Because the Plaintiff failed to plead the existence of a contract, its breach of contract claim is dismissed.").

Padda Law correctly identifies that Nevada's basic contract principles require an enforceable contract, which requires an offer and acceptance, meeting of the minds, and consideration. ECF No. 12 at 2 (citing *Certified Fire Prot. Inc. v. Precision Constr., Inc.*, 128 Nev. 371, 378 (2012)). However, Padda Law provides no authorities, nor can the court find any, that suggests that, in Nevada, a plaintiff must plead every specificity of the formation of the contract to state a breach of contract claim. *Cf. Moyer v. Columbia State Bank*, 316 Or. App. 393, 403 (2021) (noting that, in Oregon, to state a claim for breach of contract, "[a] plaintiff must plead consideration."). Rather, it appears that a claim in Nevada seeking to rely on the existence of a contract must only plead "factual allegations sufficient to support a plausible inference of an enforceable contract." *Alderson v. JPMorgan Chase Bank*, N.A., 2014 U.S. Dist. LEXIS 1555, at *8–10 (D. Nev. Jan. 7, 2014). Sky Law succeeds in doing this.

Indeed, Sky Law provides factual allegations from which the court can plausibly infer offer and acceptance, meeting of the minds, and consideration in the formation of the fee agreement. The complaint alleges that in March 2020, Sky Law and Padda entered into a fee sharing agreement to jointly represent the client in the district of Nevada. Compl., ECF No. 1 at ¶ 14. From that, the court can plausibly infer that Sky Law, needing local counsel in Nevada, reached out to Padda Law (the offer) to participate in this litigation and that, in signing the fee agreement, Padda Law accepted the offer (acceptance). The allegations further support the plausible inference that two law firms, both ostensibly sophisticated business entities, engaged in a meeting of minds when signing the fee agreement.

Finally, consideration is the "exchange of a promise or performance, bargained for by the parties." *Jones v. SunTrust Mortgage, Inc.*, 274 P.3d 762, 764 (Nev. 2012). "Consideration may be any benefit conferred or any detriment suffered, and the law will not enter into an inquiry as to its adequacy." *Kaufman v. Pub. Restroom Co.*, 2017 Nev. App. Unpub. LEXIS 142, at *2 (Nev. Ct. App. 2017). The complaint alleges that both parties agreed to a promise to share the fees earned in this litigation, which the court can plausibly infer constituted bargained-for consideration. *See* Compl., ECF No. 1 at ¶ 14 ("In March 2020, the Client, Sky Law, and Padda Law entered into that certain 'Consent to Fee Split,' whereby everyone agreed that attorneys' fees arising out of the Matter would be split between Sky Law and Padda Law as follows: Sky Law– 45%; Padda Law – 55% (the 'Fee Split Agreement')"). Thus, I find that Sky Law has plausibly pled the inference of an enforceable contract sufficient to state a breach of contract claim.

### B. Deceptive trade practices

Sky Law's fourth cause of action is for deceptive trade practices (i.e., violations of the NDTPA) against defendant Padda. Compl., ECF No. 1 at ¶¶ 49–58. Specifically, Sky Law alleges that Padda violated two separate provisions of the NDTPA: NRS 598.0915(15) and NRS 598.0923(1)(c). *Id.* at ¶¶ 50–51. Padda argues Sky Law's NDTPA claims fail and should be dismissed for numerous reasons. ECF No. 12 at 6–7. Under NRS 41.600(1), "[a]n action may be brought by any person who is a victim of consumer fraud." *Nevada Power Co. v. Eighth Judicial Dist. Court*, 102 P.3d 578, 583 n.7 (Nev. 2004) (per curiam). To be a victim under the NDTPA and have standing to bring a claim, the claimant must show they were directly harmed by a deceptive trade practice. *Del Webb Communities, Inc. v. Partington*, 652 F.3d 1145, 1153 (9th Cir. 2011). "This direct harm standard, when considered with the elements of the underlying offense, requires the claimant to show a minimal causal connection between the deceptive trade practice and the alleged harm to have standing to bring a claim." *Guisela Aquirre Guerra v. Dematic Corp*, 2020 U.S. Dist. LEXIS 164817, at *6 (D. Nev. Sep. 9, 2020). Stated otherwise, there must be a causal

connection between the alleged deceptive trade practice and the injury. Deceptive trade practices are defined in NRS 598.0915 to 598.0925, inclusive. NRS 41.600(2)(e).

Here, Sky Law alleged that Padda "engaged in a deceptive trade practice in the course of his business in violation of NRS 598.0915(15) by knowingly making a false representation to Sky Law; namely, knowingly misrepresenting the amount of the settlement." Compl., ECF No. 1 at ¶ 50. NRS 598.0915(15) provides that a person engages in a deceptive trade practice if, in the course of their business or occupation, they "[k]nowingly make any false representation in a transaction." NRS 598.0915(15). Padda Law argues that this claim should be dismissed because Sky Law failed to allege that it relied upon Padda's false representation. ECF No. 12 at 8. Indeed, to state a claim under NRS 598.0915(15), a plaintiff must allege that they, in fact, relied upon a specific and identified misrepresentation that caused them harm. *Guerra v. Dematic Corp*, 2020 WL 5995496, at *2–3 (D. Nev. Oct. 8, 2020) (holding that a person cannot be a victim of misrepresentation if they did not rely on the misrepresentation in incurring the harm); *Bank of N.Y. Mellon v. Sunrise Ridge Master Homeowners Ass'n*, 2020 WL 2064065, at *6 (D. Nev. Apr. 28, 2020) (identifying reliance as an element for NRS § 598.0915(15)). I find that Sky Law's NRS 598.0915(15) claim does not allege reliance. *See* Compl., ECF No. 1 at ¶ 50. Even a careful review of the entire complaint shows that Sky Law neither used the word "relied" nor "reliance" on an alleged misrepresentation that caused it harm. *See generally id.* And Sky Law did not point out where in the complaint reliance is alleged. *See generally* Resp., ECF No. 21. Therefore, Sky Law failed to state a claim under NRS 598.0915(15), so I dismiss this claim without prejudice.

Sky Law further alleges that Padda engaged in a deceptive trade practice "in violation of NRS 598.0923(3) by knowingly violating regulations governing the sale of legal services[.]" Compl., ECF No. 1 at ¶ 51. But there is no section of the Nevada Revised Statutes at 598.0923(3). In its response, Sky Law notes that it intended to reference NRS 598.0923(1)(c). ECF No. 21 at 9 n.5. Even so, NRS 598.0923(1)(c) provides that a person engages in a deceptive trade practice if, in the course of their business or occupation, they knowingly "[v]iolate[] a state or federal

statute or regulation *relating to the sale or lease of goods or services*." (emphasis added). Specifically, Sky Law alleges Padda violated the Nevada Rules of Professional Conduct and the California Rules of Professional Conduct by "failing to comply with reasonable requests for information from Sky Law relating to the settlement;" "failing and refusing to render a full accounting of the settlement to Sky Law;" "failing to hold in trust that portion of the attorneys' fees claimed by, and owed to, Sky Law;" and "knowingly making a false statement of fact to Sky Law related to the amount of the settlement." ECF No. 1 at ¶ 51. Padda Law argues that this claim should be dismissed because it fails as a matter of law.[4] ECF No. 12 at 8. I agree. The allegations relate to the client's settlement agreement—which, as pled, is neither a sale nor lease of goods or service. *Id.* at ¶ 14. Therefore, Sky Law fails to state a claim under NRS 598.0923(1)(c). But because the fee agreement, at the heart of this action, could be related to the sale or lease of goods or services, I dismiss this claim without prejudice. Because I dismiss Sky Law's NDTPA claims for the reasons discussed above, I decline to address Padda Law's remaining arguments on why the NDTPA claims should be dismissed.

IV.     **Padda Law's second motion to dismiss (ECF No. 40)**

As discussed herein, Padda Law's first Rule 12(b)(6) motion to dismiss only pertained to Sky Law's breach of contract and NDTPA claims. ECF No. 12. Padda Law filed a second Rule 12(b)(6) motion, moving to dismiss Sky Law's conversion claim. ECF No. 40. There is no reason Padda Law could not have moved to dismiss the conversion claim in its first motion, and Padda cannot do so now in yet another Rule 12(b)(6) motion. Rule 12(g) prohibits successive Rule 12(b)(6) motions, stating "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion."

---

[4] Padda Law notes that it could not adequately pose an argument because of Sky Law's error in listing 598.0923(3). ECF No. 12 at 8 ("First, there is no subsection '(3)' contained within the referenced statute, NRS 598.0923. Accordingly, it is unclear what provision of the statute Sky Law is basing its allegations upon.")

Rule 12(h)(2) provides that a "failure to state a claim defense" may be raised "in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial." Fed. R. Civ. P. 12(h)(2)(A)–(C). And "Rule 12(g)(2) provides that a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6)," but rather must raise that defense as permitted by Rule 12(h)(2). *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 587 U.S. 273 (2019). The Ninth Circuit has cautioned that "a series of [Rule 12(b)(6)] motions should not be permitted because that results in delay and encourages dilatory tactics." *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988). Therefore, I deny Padda Law's second Rule 12(b)(6) motion to dismiss.

## V. Conclusion

IT IS THEREFORE ORDERED that Padda Law's motion to dismiss **[ECF No. 12]** is **GRANTED in part and DENIED in part**:

- the motion is GRANTED on the ground that Sky Law failed to adequately allege its NDTPA claims, which I dismiss without prejudice and with leave to amend;
- the motion is DENIED on the ground that Sky Law adequately pled its breach of contract claim.

IT IS FURTHER ORDERED that Padda Law's second motion to dismiss **[ECF No. 40]** is denied.

Dated: August 12, 2024

_____
Cristina D. Silva
United States District Judge