# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Sky Law Group,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Paul Padda Law, and Darshpaul S. Padda,<br><br>　　　　　Defendants | Case No. 2:23-cv-01793-CDS-MDC<br><br>**Order Overruling Objection and Adopting the Report and Recommendation of the United States Magistrate Judge**<br><br>[ECF Nos. 33, 37, 47, 54] |

Plaintiff Sky Law Group filed this action against defendants Paul Padda Law and Darshpaul S. Padda (collectively, Padda Law) for knowingly failing to pay a referral fee after settling a client's personal injury claim. Compl. ECF No. 1. On July 5, 2024, Padda Law filed a motion to compel arbitration and for a stay of proceedings. Mot. to compel, ECF No. 33. On July 21, 2024, Padda Law filed a motion to stay discovery. Mot. to stay, ECF No. 37. Sky Law filed oppositions to both motions. Pl.'s opp'ns, ECF Nos. 34; 39. On August 20, 2024, Magistrate Judge Maximiliano D. Couvillier issued a report and recommendation (R&R) that I deny both of Padda Law's motions. R&R, ECF No. 47. Padda Law filed an objection to the R&R. Obj., ECF No. 54. Sky Law has filed a response to the objection. Resp., ECF No. 59. For the reasons herein, I overrule Padda Law's objection and adopt Judge Couvillier's report and recommendation in full. Accordingly, both the motion to compel arbitration and the motion to stay are denied.

I.　　Legal standard

Non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When a such a pretrial matter is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. Fed. R. Civ. P. 72(a). "A party may serve and file objections

to the order within 14 days after being served with a copy." *Id.*; *see also* Local Rule IB 3-1(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

II.     **Discussion**

When deciding a motion to compel arbitration, a court's role under the Federal Arbitration Act (FAA) is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The party seeking to compel arbitration bears the burden of proving both elements. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

The magistrate judge correctly determined that Padda Law failed to meet its burden demonstrating plaintiffs should be compelled to arbitrate. In no uncertain terms, the October 28, 2019, agreement relied upon by defendants in support of their arbitration motion was not a retainer agreement between defendants and Bailey Kennedy or Dennis L. Kennedy. Rather, as set forth in the letter (hereinafter the "Expert Agreement"), Holland & Hart LLP engaged Dennis L.

Kennedy to be an expert ("the Expert"). *See* ECF No. 33-1 at 6–10. Thus, the letter was an agreement to engage Kennedy as an expert witness. Indeed, the letter sets forth the limited scope of the engagement, the fee agreement, how to address the costs and expenses incurred because of the agreement, billing, general responsibilities, addressing confidentiality issues, addressing conflicts, the termination of the agreement, and as relevant here, the dispute arbitration agreement. *Id.* The arbitration section states that "ALL DISPUTES WITH RESPECT TO THIS ENGAGEMENT . . . SHALL BE SUBMITTED FOR FINAL AND BINDING ARBITRATION[.]" *Id.* at 10. The signatories are Stephen Peek from Holland & Hart LLP,[1] Paul S. Padda, and Dennis L. Kennedy. *Id.* As explained in the R&R, the expert witness agreement states:

> **The Expert does not have an attorney-client relationship with the Firm or the Firm's clients.** Although the Expert will be acting under the direction and control of the Firm, such direction and control shall not be exercised to compromise the independence, the professional standards or the professional ethics of the Expert.

ECF No. 47 at 3 (citing ECF No. 33-1 at 7, App. 006).

Despite this clear language, Padda Law objects to the magistrate judge's recommendation that their motion to compel should be denied. Padda Law maintains that they are, in fact, seeking to compel Sky Law (not Bailey Kennedy or Dennis J. Kennedy) to arbitrate (ECF No. 54 at 8), while also arguing that the R&R ignores NRS 38.221, which states that a "court may not refuse to order arbitration because **the claim subject to arbitration** lacks merit or grounds for the claim have not been established." ECF No. 54 at 10 (emphasis added). Yet, Padda Law's briefing ignores subsections (6) and (7) of NRS 38.221 which provide that a court "on just terms shall stay any judicial proceeding **that involves a claim alleged to be the subject of arbitration**." Padda Law fails to address the fact that the claims brought by Sky Law in this

---

[1] The copy provided by Padda Law is not signed by Mr. Peek. However, Peek is identified as the attorney for Paul Padda Law, PLCC. *See* ECF No. 35-3 (substitution of attorney). Further, Sky Law's exhibit 8 is a letter from Dennis L. Kennedy to Mr. Peek confirming that his engagement as an expert in connection with the Cohen Action had concluded. ECF No. 35-8 at 2. This is also further evidence that Dennis Kennedy was retained as an expert, not as counsel for the defendants.

3

action *are not* alleged to be the subject of arbitration, and that the agreement to arbitrate any disputes *with respect to* the Expert Agreement is an agreement *between the parties* to the Expert Agreement. Sky Law is not a party to the Expert Agreement. Thus, the magistrate judge correctly determined that "neither Mr. Kennedy nor Bailey Kennedy were defendants' counsel in the Cohen Case, nor engaged as counsel for defendants under the 10/28/19 Agreement . . . . Mr. Kennedy's engagement under the 10/28/19 Agreement was narrowly defined solely as an expert witness to render reports and testimony about the disqualification" of an unrelated attorney, in an unrelated action. ECF No. 47 at 6–7.

  Further, the magistrate judge correctly determined that defendants cannot compel plaintiff to arbitrate because it is a non-signatory/non-party to the Expert Agreement. ECF No. 47 at 5 (citing *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 189 P.3d 656, 660 (Nev. 2008) ("[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."). There are, however, limited exceptions to this rule.[2] One such exception is equitable estoppel. *Truck Ins. Exch.*, 189 P.3d at 660. In the Ninth Circuit, equitable estoppel may require a non-signatory to arbitrate if that person "knowingly exploits the contract in which the arbitration agreement is contained." *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (quoting *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates*, 269 F.3d 187, 199 (3d Cir. 2001)). Padda Law attempts to argue that this is the reason the magistrate judge erred. Padda Law contends, without explanation, "that Plaintiff is seeking to exploit Bailey Kennedy's knowledge of Defendants' confidential information including seeking Darshpaul S. Padda's personal tax returns in a case involving an alleged fee split arrangement in which Darshpaul S. Padda was merely a signatory for his law firm and never an actual party to the arrangement." ECF No. 54 at 9. How Kennedy's expert opinion about whether an unrelated attorney, in an unrelated action,

---

[2] The Ninth Circuit has held that ordinary contract and agency principles that may apply to non-signatories include: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) estoppel. *Comer*, 436 F.3d at (quoting *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)). The magistrate judge correctly determined that none of these exceptions apply here and Padda Law did not object to this determination.

had a conflict in that unrelated case somehow demonstrates that plaintiff is attempting to exploit defendant's confidential financial information in this case is wholly unclear. The claims brought by Sky Law are straightforward: whether Padda Law is liable for breach of contract, unjust enrichment, and/or conversion. To the extent Padda Law is concerned about the scope of the discovery, that is a question ripe for motions practice.

Padda Law's objection to the magistrate judge's determination finding that they waived arbitration fairs no better. "Despite the FAA's strong federal policy in favor of enforcing arbitration agreements, a party may waive its right to compel arbitration, either expressly or by implication." *Benson Pump Co. v. South Cent. Pool Supply, Inc.*, 325 F. Supp. 2d 1152, 1157 (D. Nev. 2004) (referencing *Conover v. Dean Witter Reynolds, Inc.*, 837 F.2d 867, 868 (9th Cir. 1988) (per curiam) (noting that a party may waive right to arbitrate by acting in a manner inconsistent with right to arbitrate). "[C]ontractual waiver of the right to arbitrate generally requires 'an existing right, a knowledge of its existence, and an actual intention to relinquish it, or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished,' with no required showing of prejudice." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023) (citing *United States ex rel. Army Athletic Ass'n v. Reliance Ins. Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986)). "There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016). Rather, the Ninth Circuit has instructed that the court should consider the "totality of the parties' actions." *Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 941 (9th Cir. 2019).

Assuming arguendo that the alleged "conflict" raised by Padda Law is arbitrable, the record demonstrates that Padda Law acted inconsistently with exercising its right to arbitrate. First, it's obvious from the face of the complaint that Padda Law's finances would be at issue in this action as Sky Law contends Padda Law failed to comply with the terms of a fee-splitting agreement, and that Padda Law failed to disclose the actual settlement amount. *See* ECF No. 1 at 4–5, 6. Thus, Padda Law's argument that they did not discover the alleged arbitrable

conflict—their finances—until they were served with discovery requests is disingenuous at best. Second, the motion to arbitrate was filed too late. Sky Law brought this case in November of 2023. ECF No. 1. Approximately two months later, Padda Law filed its first motion to dismiss. ECF No. 12. *Six months* after filing the motion to dismiss, Padda Law filed their motion to compel arbitration. *See* ECF No. 33. Then in August of 2024, Padda Law filed a second motion to dismiss. ECF No. 40. Therefore, by the time Padda Law was served with the complaint, it knew of its alleged existing right (the Expert Agreement containing its arbitration clause) but acted inconsistently with enforcing the clause. The totality of the circumstances demonstrates that Padda Law waived any alleged right it may have had to arbitrate. *See Banq, Inc. v. Purcell*, 2024 U.S. App. LEXIS 23203, at *5 (9th Cir. Sep. 12, 2024) (concluding that five months constituted a prolonged delay under the totality of the circumstances because defendants actively litigated the merits of the case and engaged in discovery proceedings during that period); *see also Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 472–74 (9th Cir. 2023) (finding "much-delayed demand for arbitration is 'inconsistent with respect to arbitration right'"); *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756, 759 (9th Cir. 1988) (finding waiver when party answered complaints, moved to dismiss the action, and did not claim a right to arbitration in any of the pleadings).

      Padda Law fails to demonstrate that the magistrate judge's R&R is either clearly erroneous or contrary to the law. Thus Padda Law's objection is overruled, and the report and recommendation of the magistrate judge is adopted in full.

### III.   Conclusion

      IT IS HEREBY ORDERED that the Padda Law's objection to the report and recommendation of the magistrate judge **[ECF No. 54] is OVERRULED** and the report and recommendation **[ECF No. 47] is ACCEPTED and adopted in its entirety.**

IT IS THEREFORE ORDERED that Padda Law's motion to compel arbitration [ECF No. 33] is DENIED, and Padda Law's motion to stay discovery[3] [ECF No. 37] is DENIED as moot.

Dated: December 20, 2024

_____
Cristina D. Silva
United States District Judge

---

[3] As noted in the R&R, defendants' motion to stay discovery pending resolution of the motion to dismiss (ECF No. 12) and the motion to compel (ECF No. 33) also requires resolution. As both motions are resolved, this motion is moot.