UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Sky Law Group,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Paul Padda Law, PLLC., et. al,<br><br>　　　　　Defendants | Case No. 2:23-cv-1793-CDS-MDC<br><br>**Order Denying Defendants' Motion for Judgment on the Pleadings**<br><br>[ECF No. 52] |

　　　Plaintiff Sky Law Group brings this action against defendants Paul Padda Law and Darhpaul S. Padda (collectively "Padda defendants") alleging claims of (1) breach of contract, (2) unjust enrichment, (3) conversion, and (4) deceptive trade practices. Compl., ECF No. 1 at 5–7. Defendants move for judgment on the pleadings with respect to the conversion claim for relief. Mot., for j. on the pleadings, ECF No. 52. This motion is fully briefed. Opp'n, ECF No. 55, Reply, ECF No. 61. For the reasons herein, I deny Padda defendants' motion for judgment on the pleadings.[1]

I.　　Background[2]

　　　In March 2018, the Sky Law Group was retained by Patricia Escalera-Diaz, a California resident, to represent her in a personal injury claim. Compl., ECF No. 1 at ¶¶ 9–10. Sky Law is based in Orange County, California. *Id.* at ¶ 8. Because the action had to be filed in Nevada, Sky Law referred the matter to Padda Law. *Id.* at ¶ 11. The client, Sky Law, and Padda Law entered into a fee split agreement. *Id.* at ¶ 14. It was agreed that attorney's fees arising out of the matter

---

[1] On January 30, 2025, I ordered the parties to file supplemental briefing addressing whether, given the pending appeal on the motion for arbitration, I was required to stay the entire case. Order, ECF No. 92. The parties complied. *See* Pl.'s suppl. br., ECF No. 100; Defs.' suppl. br., ECF No. 101. After reviewing the briefing, I reject defendants' argument that a stay is necessary and find that I can retain jurisdiction over this action pending the appeal. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 n.2 (2023) (acknowledging that there was no issue with a district proceeding with matters that were not involved in the appeal).
[2] Unless otherwise noted, the court only cites to Sky Law's complaint (ECF No. 1) to provide context to this action, not to indicate a finding of fact.

would be split between Sky Law and Padda Law as follows: Sky Law—forty-five percent; Padda Law—fifty-five percent. *Id.* In March 2020, Padda Law initiated Escalera-Diaz's lawsuit in the Eighth Judicial District Court, Clark County, Nevada.[3] *Id.* at ¶ 15. A notice of settlement was filed in that lawsuit in September 2022. *Id.* at ¶ 16. Despite requests for periodic updates related to the matter, Padda Law did not timely notify Sky Law of the fact or amount of the settlement. *Id.* at ¶ 18. The client's retainer agreement with Padda Law includes a contingency fee equal to forty percent of the gross amount recovered by the client. *Id.* at ¶ 17.

      In May 2023, Mr. Padda called Kiran K. Bisla, Esq., a member of Sky Law, and informed her, for the first time, that the client's matter had settled for a considerable amount.[4] *Id.* at ¶ 19. Mr. Padda did not mention that the settlement had occurred eight months prior. *Id.* Mr. Padda indicated that it would take time to disburse the funds pending reductions from various lienholders. *Id.* In September 2023, after several follow-ups, Mr. Padda informed Bisla that he was delayed in sending payment to Sky Law because he was trying to purchase a multi-million-dollar property and had to cover significant monthly marketing expenses for his law firm. *Id.* at ¶ 20. Mr. Padda indicated that he would send an initial payment to Sky Law, with an additional payment soon after. *Id.* Following their discussion, Mr. Padda sent a check to Sky Law purporting to represent a percentage of its share of the attorneys' fees (which Bisla's assistant later learned was an inaccurate calculation). *Id.* at ¶¶ 22, 24. A dispute arose between Sky Law and Padda Law as to the amount of attorneys' fees to be paid to Sky Law out of the settlement. *Id.* at 23. As a result, Mr. Padda put a stop payment on the check and has since refused to pay any attorneys' fees to Sky Law. *Id.* at ¶¶ 23, 25. In November 2023, Sky Law filed this action against the Padda defendants. *See generally id.*

---

[3] Case No. A-20-812610-C.

[4] Sky Law omitted the amount to protect the privacy interests of non-parties to this proceeding. Sky Law alleges that the actual settlement amount appears to have been far greater than the amount that had been represented by Padda. *See* ECF No. 1 at ¶ 24.

## II. Legal standard

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings at any time after the pleadings are closed, as long as the filing of the motion does not delay trial. Fed. R. Civ. P. 12(c). "For the purposes of the motion, the allegations of the non-moving party must be accepted as true[.]" *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Further, "[j]udgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.*

## III. Discussion

As a threshold matter, Padda defendants dedicate most of their motion for judgment on the pleadings taking issue with how the facts are portrayed in Sky Law's complaint. *See* ECF No. 52 at 2–10. This is irrelevant to the Court when evaluating a motion for judgment on the pleadings. As Padda defendants recognize, when analyzing a motion for judgment on the pleadings, I must accept the allegations of the non-moving party as true. *Hal Roach Studios, Inc.*, 896 F.2d at 1550; *see* ECF No. 52 at 11 ("[A] judgment on the pleadings is properly granted when <u>taking all the allegations in the non-moving party's pleadings as true</u> . . . .") (citing *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999) (emphasis added). If Padda defendants take issue with the factual allegations presented in the complaint, judgment on the pleadings is certainly not the proper recourse.

Thus I set aside their objections as to Sky Law's allegations and evaluate whether Padda defendants are entitled to judgment on the pleadings for the conversion claim based on their arguments that the claim is barred by the economic loss doctrine as duplicative of the breach of contract claim. ECF No. 52 at 11.

In Nevada, conversion is a "distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein, or in derogation, exclusion, or defiance of such title or rights" *Evans v. Dean Witter Reynolds*, 5 P.3d 1043, 1048 (Nev.

2000) (quoting *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958)). Conversion is an intentional tort[5] and typically the economic loss doctrine does not apply to intentional torts. *Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1154 n.2 (Nev. 2013), *as corrected* (Aug. 14, 2013). However, courts in this district have held that the economic loss doctrine does bar a subset of intentional torts—those that are duplicative of breach of contract claims. *FLS Transp. Servs. v. Casillas*, 2017 U.S. Dist. LEXIS 150741, at *13 (D. Nev. Sept. 18, 2017). A recent decision from the Supreme Court of Nevada suggests that they agree. *See Mitman v. La 1, LLC*, 539 P.3d 1177 (Nev. 2023) ("[T]he economic loss doctrine may bar recovery for tort claims premised on a defendant's breach of contract[.]") Therefore, if Sky Law's conversion claim is duplicative of its breach of contract claim, its conversion claim is barred by the economic loss doctrine.

In its response, Sky Law first argues that its conversion claim does not duplicate its breach of contract claim against Mr. Padda because Sky Law's complaint does not set forth a breach of contract claim against Mr. Padda. ECF No. 55 at 5. It further argues that Padda defendants had two separate and independent obligations outside the fee split agreement not to convert Sky Law's property. First, the Padda defendants had a separate obligation under tort law to not use Sky Law's referral for themselves. And second, the Padda defendants had an independent ethical obligation to hold Sky Law's referral in trust, separate and apart from their own property. *Id.* at 6–7. In reply, Padda defendants argue that the conversion claim is barred because the conversion claim and the breach of contract claim rely on the same facts and that, because the conversion claim is based on respondeat superior, there is no basis for a conversion claim against Mr. Padda. ECF No. 61 at 5.[6]

---

[5] *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 1999 U.S. App. LEXIS 7869, at *3 (9th Cir. Apr. 21, 1999).

[6] Padda defendants provide three additional arguments for why they are entitled to judgment on the pleadings in their reply. ECF No. 61 at 3–7. It is improper for a party to raise a new argument in a reply brief because the opposing party is not afforded an opportunity to respond. *See Salem Vegas, L.P. v. Guanci*, 2013 WL 5493126, at *3 (D. Nev. Sept. 30, 2013); *see also Castarphen v. Milsner*, 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009). Because these arguments are improperly raised for the first time in their reply brief, I do not consider them. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

.        The conversion claims against both Mr. Padda and Padda Law are not duplicative of the breach of contract claim. Although Sky Law argues that the conversion claim against Mr. Padda survives because the breach of contract claim is only against Padda Law, that is not the focus of the court's inquiry. To determine if a conversion claim is duplicative of a breach of contract claim, the court must ask whether the damages arise from a legal duty *independent of the contract*, or whether the conversion claim seeks relief arising from a breach of a contract. *United States v. Je Dunn Constr. Co.*, 2024 U.S. Dist. LEXIS 64238, at *34 (D. Nev. Mar. 15, 2024) (emphasis added). A review of the complaint indicates that Sky Law's conversion claim against both Padda Law and Mr. Padda arises out of two independent legal duties. First, the complaint demonstrates that the conversion claim arises out of separate, independent tort obligations. The Supreme Court of Nevada has found a conversion claim distinct of a breach of contract claim when the claims are based on separate incidents of conduct. *Mitman*, 539 P.3d at 1177. In *Mitman*, the court held that a conversion claim was not duplicative of a breach of contract claim when the basis of the breach of contract claim was a party's failure to pay its membership distribution from the property sale, and the basis for the conversion claim was the party taking the proceeds from the sale for herself. *Id.* Here, the complaint alleges that Padda Law was required under the fee split agreement to pay Sky Law its referral fee, and not only failed to do so, but refused to, which caused damage to Sky Law. ECF No. 1 at 4–5. This forms the basis for the breach of contract claim. While the conversion claim incorporates the allegations regarding the contract between the parties (*see* ECF No. 1. at 5, ¶ 41), there are additional allegations regarding how the Padda defendants exercised distinct acts of dominion over Sky Law's property. Sky Law alleges that the funds were (1) used by Mr. Padda to help him purchase a "multi-million-dollar property," and (2) used by Padda Law to cover marketing expenses. *Id.* at 3, ¶ 20.

        Second, the complaint also demonstrates that the conversion claim arises out of separate, and independent ethical obligations to hold Sky Law's referral fee in trust, separate and apart from Padda Law's own property. The complaint alleges that Mr. Padda "sent a check to Sky Law

5

purporting to represent a portion of its share of the attorneys' fees" and "[t]he check was drawn from the **General Operating Account** for Padda Law—indicia that Mr. Padda had not held in trust the portion of the attorneys' fees owed to, and claimed by, Sky Law despite his ethical obligation to do so." *Id.* at ¶ 22 (emphasis added). The fee split agreement provided Sky Law an interest in the client's settlement vis-à-vis a referral fee, making Sky Law a third person in the agreement between Padda Law and the client. Sky Law alleges in the complaint that the agreement imposed a duty on Padda Law to hold the referral fee, which were funds claimed by Sky Law, separate from the firm's own property and that, by sending it a check from Padda Law's general operating account, Padda Law did not do so. *See* Nev. R. Prof. Conduct 1.15 ("A lawyer shall hold funds or other property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."). This is another basis for the conversion claim. *See, e.g., Dang v. Pontier*, 2020 U.S. Dist. LEXIS 238717, at *25–26 (S.D. Cal. Dec. 18, 2020) (concluding that the conversion claim arose from attorneys "alleged misconduct in carrying out his legal services as [party's] attorney in allocating the settlement funds in his personal injury case").

      Padda defendants argue that Sky Law cannot maintain a conversion claim against Mr. Padda individually because he is being "sued for conversion as an employee of [Padda Law] under the 'doctrine of respondeat superior/vicarious liability.'" ECF No. 61 at 5 (citing ECF No. 1 at ¶ 45). Padda defendants misapprehend the law. A review of the complaint says that Sky Law brings the conversion claim against Mr. Padda individually because he "disbursed all the attorneys' fees arising out of the settlement to either himself or his law firm" and thus "committed a distinct act of dominion over Sky law's property." ECF No. 1 at 6. Thus, Mr. Padda is not being sued as an employee under the doctrine of respondeat superior, he is being sued for actions he himself allegedly took. The paragraph in the complaint that Padda defendants cite says "Padda Law is responsible for the wrongful act of conversion committed by Mr. Padda as his employer under the doctrine of respondeat superior/vicarious liability." *Id.* at ¶ 45 (emphasis

added). It is in fact Padda Law, not Mr. Padda, being sued under the doctrine of respondeat superior. Therefore, the complaint alleges a conversion claim against Mr. Padda individually.[7]

Accordingly, Sky Law has successfully demonstrated that its breach of contract claim and its conversion claim are not duplicative, so the Padda defendants are not entitled to judgment on the pleadings as to Sky Law's conversion claim.

## IV. Conclusion

IT IS THEREFORE ORDERED that the defendants' motion for judgment on the pleadings [ECF No. 52] is DENIED.

Dated: February 25, 2025

_____
Cristina D. Silva
United States District Judge

---

[7] This is common sense as Mr. Padda would be responsible for ensuring client funds are appropriately maintained as a business cannot do that.