UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Sky Law Group,<br>Plaintiff<br>v.<br>Paul Padda Law, PLLC, et al.,<br>Defendants | Case No. 2:23-cv-01793-CDS-MDC<br>**Order Denying Defendants' Motion for Reconsideration and Granting Plaintiff's Motion to Alter Judgment**<br>[ECF Nos. 147, 150] |

Plaintiff Sky Law Group brings this action against Darshpaul S. Padda and his law firm, Paul Padda Law, PLLC (collectively, "Padda" or "Padda defendants"), to enforce a fee-split agreement. On January 27, 2026, the court granted Sky Law's motion for summary judgment and partially denied Padda's cross-motion for summary judgment. Order, ECF No. 145. Following that order, Sky Law filed a motion to amend the judgment (ECF No. 147), and Padda's filed a motion for reconsideration (ECF No. 150). Both motions are fully briefed. Mot. amend resp., ECF No. 151; Mot. amend reply, ECF No. 152; Mot. recon. resp., ECF No. 159; Mot. recon. reply, ECF No. 161. For the reasons set forth below, Sky Law's motion to amend is granted, and Padda's motion for reconsideration is denied.

## I. Background[1]

The January 2026 order granted summary judgment in Sky Law's favor on the breach of contract and conversion claims. ECF No. 145 at 5–10. It also granted summary judgment to Padda on the unjust enrichment claim. *Id.* at 11. But it did not explicitly address damages for any of those claims.

[1] I incorporate by reference the factual background set forth in the January 2026 order (ECF No. 145).

## II. Legal standard

Under Federal Rule of Civil Procedure 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a) (noting that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood"). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotation omitted). "Finally, motions for reconsideration are not the proper vehicles for rehashing old arguments, and are not intended to give an unhappy litigant one additional chance to sway the judge." *Hadel v. Willis Roof Consulting, Inc.*, 2010 WL 5055776, at *1 (D. Nev. Dec. 3, 2010) (citation modified).

## III. Discussion

### A. Padda's motion for reconsideration (ECF No. 150) is denied.

Padda argues that reconsideration is necessary because the court committed clear error. "Clear error exists only when the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.'" *Milenbach v. Comm'r*, 318 F.3d 924, 935 (9th Cir. 2003) (quotation omitted). The Ninth Circuit has described the clear error standard as "significantly deferential." *Gov't of Guam v. Guerrero*, 11 F.4th 1052, 1059 (9th Cir. 2021). "To be clearly erroneous, a decision must strike the court as more than just maybe or probably wrong; it must, strike the court as wrong with the force of a five-week-old unrefrigerated dead fish." *Hadel*, 2010 WL 5055776, at *1 (citation modified).

Here, a review of the moving papers and prior order reveals that the court did not commit clear error in granting Sky Law's motion for summary judgment. The court considers—and ultimately rejects—Padda's six arguments in turn.

*First*, Padda argues that the court committed clear error by presuming that the Consent to Fee Split agreement was executed on March 12, 2020, rather than November 13, 2020—and in turn, finding consideration where it did not exist. ECF No. 150 at 2. But the parties do not dispute that the Consent to Fee Split agreement explicitly states that the parties executed it on March 12, 2020. *See* ECF No. 127-8; ECF No. 129 at 13; ECF No. 129-7. Indeed, Padda describes the Consent to Fee Split agreement's language and provisions as "clear and unequivocal." ECF No. 129 at 13. And because the agreement's terms are clear and unequivocal, the court cannot look beyond the four corners of the contract in construing those terms or the parties' intent. *Klabacka v. Nelson*, 394 P.3d 940, 946 (Nev. 2017). Thus, the March 12, 2020 date is the operative date.

Further, even if the court were to accept that the Consent to Fee Split agreement was signed on November 13, 2020, the agreement would still be enforceable. This is because Sky Law provided a bargained-for benefit—that personal injury case—in exchange for receiving 45% of the contingency fee. This is so, regardless of whether the agreement was signed in March or November. To hold otherwise would give Padda unilateral control to transform Sky Law's bargained-for benefit into a gratuitous benefit by simply delaying the date in which he executed the agreement, thereby removing consideration from the exchange and nullifying his payment obligation. *See* 4 Williston on Contracts § 8:13 (4th ed.). Such a ruling would contravene the fundamental principles of contract law. *See Nyberg v. Kirby*, 188 P.2d 1006, 1010 (Nev. 1948).

*Second*, Padda argues that the court committed clear error by hinging its breach of contract analysis on the Addendum to the Sky Law Retainer Agreement (ECF No. 129-5) rather than the Padda Law Fee Agreement (ECF No. 129-6) and the Consent to Fee Split Authorization (ECF No. 129-7). ECF No. 150 at 2–3. In reality, the opposite is true. The court held that the Addendum was unenforceable because it was only signed by Padda, not Sky Law or the Client. *See* ECF No. 145 at 8. Because Sky Law was not a party to the Addendum, the court ruled that Sky Law could not be bound by the Addendum's terms. *See id.* at 8–9. It also ruled that the

Addendum's terms could not be used to vary the terms of the Consent to Fee Split agreement. *See id.* at 8. These points squarely rebut Padda's argument that the court hinged its breach of contract analysis on the Addendum.

*Third*, Padda argues that the court committed clear error by determining that the terms of the Consent to Fee Split agreement unambiguously supported Sky Law's interpretation of the agreement. ECF No. 150 at 3. The court need not belabor why Padda's interpretation of the agreement fails, as Padda's argument regarding how the agreement should be interpreted was already made (and rejected) at the summary judgment stage. *See Hadel*, 2010 WL 5055776, at *1.

*Fourth*, Padda cites pages two through four of the January 2026 order to argue that the court's "detailed reproduction and analysis of extrinsic evidence, including correspondence between Sky Law and [Padda], prohibits summary judgment as a matter of law." ECF No. 150 at 3; *accord id.* at 11–12. Those pages include the order's background section. ECF No. 145 at 2–4. And in the background section, only the motions for summary judgment and the exhibits attached thereto are discussed or cited. *See id.* at 2–4, nn.5–21 (citing ECF Nos. 122, 127, 129). Padda conflates this background section with the court's analysis. Indeed, there is nothing erroneous about a court incorporating the facts set forth in motions for summary judgment and their attached exhibits into the factual background section of a court order. *See Oppenheimer & Co. Inc. v. Mitchell*, 135 F.4th 837, 851 (9th Cir. 2025). In fact, it's standard practice. To avoid confusion, the court separates the background section from the analysis section with bolded headings that state "**I. Undisputed Facts**" and "**II.B. Discussion**." Though this organization was not enough to prevent Padda's confusion, his confusion is not grounds for reconsideration. This is especially so, as the discussion section explains that the court does not rely on extrinsic evidence in interpreting the agreement because the agreement's terms are clear and unambiguous.

*Fifth*, Padda argues that the court should reconsider its order because it failed to "sufficiently consider the unique implications of Nevada Rule of Professional Conduct 1.5(e)(2) on the breach of contract claim." ECF No. 150 at 3. Specifically, Padda argues that parol evidence should be admissible because "Sky Law's interpretation of the written agreement does not reflect the Client's intent in signing the Consent to Fee Split." *Id.* at 13. Again, Padda is seeking to rehash an argument that was already made and decided at the summary judgment stage, this time recasting the argument under the cloak of NRPC 1.5. That rule states that a "division of a fee between lawyers who are not in the same firm may be made only if . . . [t]he client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing." NRPC 1.5(2)(e). Here, the Client signed the written Consent to Fee Split agreement, which represents consent to the arrangement. And because the agreement's terms were not ambiguous or unclear, the court need not look beyond the four corners of the agreement to find that the Client intended to consent to that arrangement. Thus, for this reason and the reasons set forth in the January 2026 order, Padda's argument fails.

*Sixth*, Padda argues that the court erred in granting summary judgment on the conversion claim because that claim should have been decided by a jury, and the court "did not discuss or analyze the separateness of the two Defendants—a legal entity and an individual—and instead impermissibly treated them as one entity." ECF No. 150 at 4. Padda's unsatisfaction with the court's decision to grant Sky Law summary judgment on the conversion and contract claims does not make that decision clearly erroneous or warrant reconsideration. Further, conversion claims are not exclusively decided by juries, *Pelletier v. Pelletier*, 742 P.2d 1027, 1028 (Nev. 1987), and Padda does not cite any record evidence to show that a *genuine* dispute of material fact existed at the summary judgment stage.

In sum, Padda's motion for reconsideration throws the kitchen sink at the court's January 2026 order without showing how the court clearly erred. Accordingly, their motion for reconsideration is denied.

**B. Sky Law's motion to alter or amend judgment (ECF No. 147) is granted.**

Sky Law moves to amend the court's order granting summary judgment, per FRCP 59(e) and 60(a). Specifically, Sky Law asks the court to amend the judgment to specify the amount of compensatory damages awarded to Sky Law, (2) include pre- and post-judgment interest on Sky Law's compensatory damages award, and (3) address the remaining issue of punitive damages on Sky Law's conversion claim. I grant all three requests.

*First*, the court grants Sky Law's request for compensatory damages in the amount of $468,900.00. Sky Law is entitled to this amount as a matter of law because that amount reflects the 45% contemplated in the Consent to Fee Split agreement, as applied to the contingency fee collected on the $2,605,000.00 settlement. *See* ECF No. 127-8; ECF No. 127-11; ECF No. 127-10.

*Second*, Sky Law's request for pre- and post-judgment interest on the compensatory damages award is granted. "In diversity actions, state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law." *AT&T v. United Computer Sys.*, 98 F.3d 1206, 1209 (9th Cir. 1996). Nevada law requires awarding prejudgment interest upon all money from the time that it becomes due in the contract, or from the date of conversion, "at a rate equal to the prime rate at the largest bank in Nevada" in effect "immediately preceding the date of the transaction, plus 2 percent." NRS 99.040(1)(a), (c). Federal law requires an award of post-judgment interest for "any money judgment in a civil case" from "the date of the entry of the judgment" at a statutory rate. 28 U.S.C. § 1961(a)–(b). Accordingly, Sky Law is awarded pre-judgment interest in the amount of $74,458.75 and post-judgment interest at the federal statutory rate of 3.53 percent on the compensatory damages award from January 27, 2026.

*Third*, Sky Law's request for punitive damages is granted. The case was administratively closed in error, so the court grants Sky Law's request to open discovery related to Padda's financial status. *See* ECF No. 147 at 7–8. Further, the court orders the parties to meet and confer about whether the issue of punitive damages should proceed to a jury trial or a bench trial. If the parties agree on how to proceed, then the parties should file a stipulation stating their

agreement no later than October 2, 2026. If the parties do not agree, then the parties should file a joint status report setting forth their respective positions, and any authority supporting their position, by that same date.

**IV. Conclusion**

IT IS HEREBY ORDERED that Sky Law's motion to alter or amend the judgment **[ECF No. 147] is GRANTED.** The Padda defendants are jointly and severally liable to Sky Law for compensatory damages in the amount of $468,900.00. Sky Law is awarded pre-judgment interest in the amount of $74,458.75 and post-judgment interest at the federal statutory rate of 3.53 percent on the compensatory damages award. The case is reopened to resolve Sky Law's punitive damages request for its conversion claim.

IT IS FURTHER ORDERED that the parties must meet and confer about whether the punitive damages issue should proceed to a jury trial or bench trial, and thereafter, file a stipulation or joint status report addressing that issue no later than October 2, 2026.

IT IS FURTHER ORDERED that the Padda defendants' motion for reconsideration **[ECF No. 150] is DENIED.**

The Clerk of Court is kindly instructed to enter an amended judgment in favor of plaintiff Sky Law against defendants Paul Padda Law PLLC and Darshpaul S. Padda on claims 1 (breach of contract) and 2 (conversion). The defendants are jointly and severally liable to Sky Law for compensatory damages in the amount of $468,900.00. Sky Law is awarded pre-judgment interest in the amount of $74,458.75 and post-judgment interest at the federal statutory rate of 3.53 percent on the compensatory damages award. The Clerk of Court is also instructed to enter judgment in favor of defendants Paul Padda Law PLLC and Darshpaul S. Padda against plaintiff Sky Law on claim 3 (unjust enrichment).

Dated: September 15, 2026

Cristina D. Silva
United States District Judge